THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD E. SMITH, Defendant-Appellant.

Third District   No. 81-67

Opinion filed January 26, 1982.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Richard Smith, was charged by indictment with the unlawful possession of a controlled substance (cocaine) and with the unlawful possession of cannabis, violations of section 402(b) of the Illinois Controlled Substances Act and section 4(a) of the Cannabis Control Act (Ill. Rev. Stat. 1979, ch. 56½, pars. 1402(b) and 704(a)), respectively. The defendant was convicted of these offenses upon a jury trial in the circuit court of Tazewell County. The trial court entered judgment only on the controlled substance charge.

The defendant filed a motion to suppress evidence prior to trial. The motion challenged the search of defendant's car and the warrantless seizure and search of a wooden box in the car.

On June 4, 1980, a Tazewell County deputy sheriff stopped an El Camino truck being driven by defendant. He did so because he noticed the truck had an expired safety inspection sticker. After stopping the truck, the officer met the defendant between the two vehicles, took and examined defendant's license and then walked up to the front door of the truck. The officer noticed a beer bottle on the passenger-side floor of the truck and a brown box underneath the steering wheel.

The deputy then went to the passenger side of the truck, opened the door and searched the truck's interior. He recovered the bottle, the box

and a syringe which was lying near the box. The box appeared to be a "one hitter box" commonly used to carry cannabis. The deputy opened the box and discovered cannabis and a piece of plastic containing a white substance. The defendant was standing outside the truck on the passenger side when the deputy found and opened the box. The officer had no warrant to open the box and did not secure defendant's consent to open it. The defendant was then arrested for a variety of offenses including "no valid safety test," "unlawful opening of an alcoholic beverage" and possession of a controlled substance, cannabis, and a hypodermic syringe.

The court denied the defendant's motion to suppress, finding that the deputy needed no warrant to search the wooden box after properly stopping the defendant's truck.

Upon trial, the jury found the defendant guilty of possession of a controlled substance and of less than 2.5 grams of cannabis. On the State's motion, the court entered judgment only on the possession of a controlled substance charge. Defendant was sentenced to a term of three years in prison.

The issue presented for review is whether the trial court erred in denying defendant's motion to suppress evidence found during the warrantless search of a closed wooden box discovered in defendant's vehicle.

In *Arkansas v. Sanders* (1979), 442 U.S. 753, 61 L. Ed. 2d 235, 99 S. Ct. 2586, the Supreme Court held that the warrantless search of an unlocked suitcase found in the trunk of a taxi was in violation of the fourth amendment. The court stated that the expectation of privacy associated with luggage, first set forth in *United States v. Chadwick* (1977), 433 U.S. 1, 53 L. Ed. 2d 538, 97 S. Ct. 2476, applies no less to luggage found in automobiles than to luggage found in other locations. The reasonableness of a search does not overcome the need for a judicial warrant. The court concluded that a search of luggage without a warrant must be justified under some exception to the warrant requirement other than that applicable to automobiles.

In footnote 13 of *Sanders*, however, the court indicated that not all containers found during the course of a search would deserve the full protection of the fourth amendment. "[S]ome containers (for example a kit of burglar tools or a gun case) by their very nature cannot support any reasonable expectation of privacy because their contents can be inferred from their outward appearance. Similarly, in some cases the contents of a package will be open to 'plain view', thereby obviating the need for a warrant." 442 U.S. 753, 764-65 n.13, 61 L. Ed. 2d 235, 245 n.13, 99 S. Ct. 2586, 2593 n.13.

In the most recently decided "closed container" case, *Robbins v. California* (1981), ___ U.S. ___, 69 L. Ed. 2d 744, 101 S. Ct. 2841, the court held that a package wrapped in green opaque plastic could not be

searched without a warrant, even if it were found during the course of a lawful search of an automobile.

In the *Robbins* opinion the court attempted to clarify the meaning of footnote 13 in *Sanders*. The court stated that the footnote's import was essentially a variation of the plain-view exception. Expectations of privacy are established by general social norms, and if a container's distinctive configuration, transparency or other revealing characteristics clearly imply its contents, then such contents can be said to be in plain view.

■■ The Supreme Court in the *Chadwick, Sanders* and *Robbins* line of decisions has developed a rule relating to the search of closed containers. This rule can be characterized as an objective test whereby the contents of a container will be protected from warrantless searches because of the owner's expectations of privacy unless it is obvious to an observer what the contents of the container are by either its distinctive configuration, its transparency or otherwise.

■■■ If a container, otherwise undistinctive in appearance, is known to some segments of society to be used for certain purposes, its contents should remain fully protected by the fourth amendment, if it is closed and opaque, not subjecting its contents to public view. The closed wooden box found on the floor of the defendant's vehicle was undistinctive in its appearance. However, law enforcement officials apparently knew that this type of box was commonly used for the transportation of marijuana. Their subjective knowledge, while relevant, is not conclusive. Rather, the container must be evaluated to determine whether society as a whole would recognize it as one commonly used to carry a controlled substance. One could not automatically conclude that marijuana was contained within that wooden box. Its shape did not imply its contents, nor was it in any way transparent or open, subjecting its contents to public view. Therefore, in keeping with the holding of *Robbins*, the defendant's wooden box could not have been searched without a warrant.

The case of *New York v. Belton* (1981), ___ U.S. ___, 69 L. Ed. 2d 768, 101 S. Ct. 2860, should be distinguished from *Robbins* and the case at hand. In *Belton*, the court held that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may search, if incident to the arrest, the passenger compartment of that automobile. In addition, the officer may seize and search any containers found during his search, whether they be open or closed. Both in *Robbins* and in this case no argument was made that the containers were opened and searched incidental to a lawful custodial arrest. *Belton*, therefore, is not controlling in the present case.

It is our opinion that the warrantless search by the officer of defendant's closed wooden box was in violation of the fourth amendment to

the United States Constitution. The fruits of the search, namely the contents of the box, should have been suppressed at trial. For the foregoing reasons the judgment of conviction entered in the circuit court of Tazewell County is reversed.

Reversed.

BARRY and ALLOY, JJ., concur.