THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ELIZABETH WORLOW, Defendant-Appellee.

Fifth District    No. 81-400

Opinion filed April 29, 1982.

Robert W. Matoush, State's Attorney, of Salem (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Randy F. Blue and Richard J. Bennett, both of State Appellate Defender's Office, of Mt. Vernon, for appellee.

JUSTICE HARRISON delivered the opinion of the court:

An information filed July 13, 1981, charged defendant Elizabeth Worlow with unlawful possession of cannabis (Ill. Rev. Stat. 1979, ch. 56½, par. 704(c)). Her motion to suppress evidence of the contraband found in her purse was granted at a hearing conducted August 3, 1981. It is from this order that the State now appeals. We reverse.

The following facts were testified to by the witnesses. On the evening of June 6, 1981, defendant was a passenger in an automobile driven by Michael Jamison. Officer Ealy stopped the Jamison vehicle when it ran a red light. While in the squad car questioning the driver about the traffic violation, Officer Ealy detected a strong odor of alcohol and asked whether the driver had liquor in his automobile. Although Jamison denied having alcohol, Ealy decided to investigate further. The officer testified that he was prompted to do so by the strong odor emanating from the driver and because furtive movements on the passenger side of the car had alerted him to the possibility that the defendant might be attempting to hide something under her seat. He left the squad car, went to Miss Worlow's side of the car, and asked if she had any alcoholic beverage containers. Miss Worlow replied that she did not. At that time, Ealy noticed that there was also a strong odor of alcohol inside the car. He repeated his question and again received a denial. After a cursory inspection of the passenger area, including the floorboard, the police officer saw liquid leaking from Miss Worlow's purse. He also noted that the floor beneath her purse was wet. Touching the outside of the purse, he felt the bulge of glass containers. When he requested that she hand him the bottles, she moved the purse from the floor and placed it on the seat to her left. She then unzipped the purse and handed him two opened beer bottles. Officer Ealy stated that she tried to hold her hand over the top of the purse in an apparent attempt to block his view of its interior, but that, in spite of her efforts to conceal the contents, he saw, in plain view, a purple bag and a clear plastic bag which apparently contained marijuana. (Miss Worlow, however, testified that the plastic bags were not in plain

view and that he could not have seen inside her purse from where he stood.) Defendant refused the policeman's request to turn over her purse, but then relented after being informed that he had authority to search it. His inspection confirmed the presence of cannabis. She then accompanied Ealy to headquarters, where a formal complaint was filed.

First, in an effort to define the issues, we will address a waiver argument raised by the defendant in her brief. It is defendant's position that all arguments except the "plain view" argument have been waived on appeal because they were not raised at the hearing. We examined the transcript of the hearing and found that although defendant emphasized the plain view issue in her discussion, the State devoted much of its argument to justifying the search on probable-cause grounds. Since the issue of probable cause was sufficiently argued at the hearing to suppress, we hold that it was not waived and therefore the record is adequate for this court to consider it on review.

Defendant also charges that the trial judge's decision to suppress the evidence must be read as an implicit finding that Officer Ealy had no "plain view" of the interior of her purse. After discussing the conflicting testimony of Officer Ealy and Miss Worlow, the judge stated:

> "Once the beer bottles were surrendered, that should have ended the matter. The search of the rest of the purse under these circumstances I don't believe was justified and exceeded any permissible scope under a search under these circumstances, * * *."

It is impossible to tell, after examining the court's order, whether the judge based his decision to suppress the evidence on a finding that the contraband was not in plain view, or on a finding that there was not probable cause to justify a search and seizure of the contraband. We read the judge's statement simply as a finding that the search exceeded its lawful scope. Construing the order in this broad fashion, we hold that it was manifestly erroneous, *i.e.*, that the arresting officer had probable cause to search the defendant and the area immediately surrounding the defendant, including her purse. Because of our resolution of the probable-cause issue, it is unnecessary to determine whether the contraband was in plain view.

■■■ The reasonableness of a search must be judged upon the particular facts and circumstances surrounding the search. In order to decide if the arresting officer had probable cause to conduct a search, the crucial question is whether the facts available to the officer at the moment of the stop would have caused a reasonable man to proceed in the same manner. (*People v. Watts* (1981), 93 Ill. App. 3d 420, 424-25, 417 N.E.2d 247.) To justify a full warrantless search following a mere traffic violation, the

circumstances must show that a more serious crime was being committed. (*People v. Smith* (1978), 67 Ill. App. 3d 952, 959-60, 385 N.E.2d 707.) If this can be determined, common sense dictates a finding that probable cause existed. *People v. Sokolow* (1981), 97 Ill. App. 3d 1109, 1112, 424 N.E.2d 36.

■■ On appeal and at the hearing on the motion to suppress, the State maintained that the warrantless search of the automobile in which defendant rode was reasonable under the circumstances. We agree. Officer Ealy's detection of the smell of alcohol on the driver provided initial grounds for him to believe that a crime more serious than a traffic offense had occurred. The passenger's suspicious movements lent additional support for this conclusion. The strong odor of alcohol inside the car and the liquid leaking from containers in defendant's purse constituted further grounds upon which to base a warrantless, on-the-scene search of the passenger compartment of the automobile. Thus, we conclude that there was probable cause to conduct a search.

Defendant argues that she had a reasonable expectation of privacy in the items contained in her purse. She contends that Ealy infringed upon this expectation by touching the outside of her purse to ascertain its contents and then by ordering her to hand him the beer bottles. She concludes that the officer's reaching into her purse for the marijuana further exceeded the scope of the original unlawful intrusion and, thus, the evidence which he seized amounted to fruits of the poisonous tree.

Having already determined that the search engaged in by Officer Ealy was lawful, we need only decide whether the scope of that search extended to include Miss Worlow's purse. The recent case, *New York v. Belton* (1981), ___ U.S. ___, ___, 69 L. Ed. 2d 768, 775, 101 S. Ct. 2860, 2864, settles this matter. In *Belton*, a warrantless search of the passenger compartment of defendant's automobile and the subsequent confiscation of marijuana found in a jacket lying on the back seat of the car was determined to be valid, in spite of the "expectation of privacy" arguments raised by defendant. The court relied on the reasoning in *Chimel v. California* that the search occurred in an area immediately accessible to the defendant, *i.e.* "the area into which an arrestee might reach in order to grab a weapon or evidentiary items." (*Chimel v. California* (1969), 395 U.S. 752, 763, 23 L. Ed. 2d 685, 694, 89 S. Ct. 2034, 2040.) The authority to search the defendant and the area within his immediate control was based upon the need to disarm him and the need to discover evidence which he might destroy. Thus, the justification for the search was not that the defendant had no privacy interest in the item to be searched (the pockets of his jacket), but rather that the lawful custodial arrest justified the infringement of any privacy interest the defendant may have had. *New*

*York v. Belton* (1981), ___ U.S. ___, ___, 69 L. Ed. 2d 768, 775, 101 S. Ct. 2860, 2864.

The Supreme Court's analysis in *Belton* may be applied to this case. Although one could argue, as Miss Worlow does, that she had a reasonable expectation of privacy in her purse, this is outweighed by the fact that the purse was within the area over which she had access and control. It was positioned just to her left, on the front seat of the car. It was reasonable for Officer Ealy to presume that, by the time he obtained a warrant to search the purse, she would have managed to hide or destroy the evidence contained therein. She had already attempted, by covert actions and by blatant denials, to prevent his discovering the beer bottles. She also tried unsuccessfully to prevent his discovery of the marijuana. Under these circumstances, he acted prudently in confiscating the purse and its contents.

The defendant challenges this conclusion on the grounds that the rule expressed in *Chimel* and *Belton* (that a warrantless search of the immediately surrounding area is justified when it occurs incident to a lawful custodial arrest) does not apply to her situation because she had not been arrested when Officer Ealy searched her purse.

It is true that the warrantless search of defendant's purse must have occurred within the context of an arrest. The appellate court recently rejected an application of *Belton* and excluded evidence of contraband seized from a wooden box on a car's front seat because "no argument was made that the containers were opened and searched incidental to a lawful custodial arrest." *People v. Smith* (1982), 103 Ill. App. 3d 430, 433, 431 N.E.2d 699, 701.

However, in this case, the seizure of contraband was made during the course of an arrest. As the State argued, a reasonable person in defendant's position would have considered herself under arrest as soon as the officer received the opened beer bottles into his possession. (See *People v. Reynolds* (1981), 101 Ill. App. 3d 576, 578, 428 N.E.2d 694, 696.) It was clear that she was not free to leave the scene and that, had she attempted to do so, she would have been restrained. (See *People v. McMahon* (1980), 83 Ill. App. 3d 137, 143, 403 N.E.2d 781.) Thus, no formal declaration of arrest was necessary. See *People v. Brown* (1980), 81 Ill. App. 3d 271, 274, 401 N.E.2d 310.

We therefore disagree with the trial judge's statement that "once the beer bottles were surrendered, that should have ended the matter." Given the circumstances facing Ealy at this moment, we find that he had probable cause to conduct a warrantless search of the entire passenger compartment of the car to uncover weapons or further contraband. Further, we hold that the scope of this lawful search extended to Miss Worlow's purse because the purse was within the passenger compartment

and subject to her immediate access and control. Accordingly, the court's suppression order is reversed, and this cause is remanded for further proceedings.

Reversed and remanded.

JONES and WELCH, JJ., concur.