THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
RICHARD RODRIGUEZ, Defendant-Appellant.
Third District    No. 3—86—0437

Opinion filed April 14, 1987.

Joseph C. Polito, of Kozlowski, Polito & Feeley, of Joliet, for appellant.

Edward Petka, State's Attorney, of Joliet (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Defendant Richard Rodriguez was convicted for unlawful possession of cannabis. He was sentenced to 12 months' conditional discharge and fined $110 plus costs. He brings this appeal asserting the trial judge erroneously denied his pretrial motion to suppress evidence. We affirm.

On August 21, 1985, at approximately 11:18 p.m., Officer William Rakoski of the Joliet police department responded to a call over his police radio that there were subjects loitering in the parking lot of an area church. When he arrived at the church, another Joliet officer was already on the scene and was standing outside a parked car speaking to the driver. Three passengers were in the car. As Officer Rakoski approached the car, he noticed one of the passengers bend over in an apparent attempt to place an object under the seat of the car. Rakoski ordered the passengers out of the car, whereupon he searched the vehicle. Open beer and a box of bullets were found in the car. The second officer then pat searched the individuals for weapons. No weapons were found on the individuals. Next, the officer opened the trunk of the car and located three bags of cannabis and a .38 caliber weapon.

The individuals were all arrested for transportation of open liquor. Defendant Rodriguez was charged with unlawful possession of more than 30 grams but less than 500 grams of cannabis. The defendant filed a motion to suppress the evidence at his bench trial. The basis for the motion was twofold: (1) that the police officers' stop of the automobile was not premised upon probable cause, and (2) that the police did not have probable cause to search the car. Following a hearing, the motion was denied.

■■ ■ On a motion to suppress evidence, the burden of proving that the search and seizure was unlawful is on the defendant. (*People v. Wright* (1969), 42 Ill. 2d 457, 248 N.E.2d 78.) A reviewing court will affirm a trial judge's ruling on a motion to suppress unless the ruling is manifestly erroneous. *People v. Rogers* (1979), 71 Ill. App. 3d 1046, 390 N.E.2d 542.

On appeal, the defendant concedes that there were sufficient grounds to stop the vehicle and to question its occupants. Indeed, the factual circumstances clearly justified the investigative stop. (See *People v. Ramsey* (1979), 77 Ill. App. 3d 294, 395 N.E.2d 973.) Defendant's sole objection is to the search of the interior of the automobile.

■■ ■ Under *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, it has long been established that an officer may make a search for weapons whenever he has reason to believe that he is dealing with a person who is armed and dangerous. The constitutional rule in *Terry* has been codified in sections 107—4 and 108—1.01 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, pars. 107—4, 108—1.01). Under *Michigan v. Long* (1983), 463 U.S. 1032, 77 L. Ed. 2d 1201, 103 S. Ct. 3469, the passenger compartment of an automobile may be searched if an officer possesses a reasonable belief, based on the totality of the circumstances, that the suspect is dangerous or may gain control of a weapon.

■ In the instant case, the defendant was loitering late at night in an area where several garage burglaries had recently occurred. He was in violation of ordinances prohibiting loitering and prohibiting consumption of alcohol in a public place. These facts, coupled with the furtive movement to hide something under the seat, would reasonably lead one to conclude weapons could be present. Deliberately furtive actions may be considered assertive conduct indicative of criminal conduct. (*People v. Lee* (1982), 109 Ill. App. 3d 870, 441 N.E.2d 403.) Under the standards enunciated in *Terry* and *Long*, it is clear that the officers could, during the course of the investigatory stop at issue, conduct a search of the passenger compartment of the auto where a weapon may have been hidden. The only issue raised by defendant is whether the officers' search of the interior compartment of the automobile was justified. Defendant makes no claim that the subsequent search of the trunk, which yielded the marijuana and gun, was illegal. See *People v. Wolf* (1975), 60 Ill. 2d 230, 326 N.E.2d 766, *cert. denied* (1975), 423 U.S. 946, 46 L. Ed. 2d 280, 96 S. Ct. 361.

■■ ■ We find no merit in the defendant's assertion that the officers need question and frisk the passengers prior to a search of the automobile. Since Officer Rakoski had reason to believe a weapon had been placed under the front seat, it was obviously reasonable for him to conduct a search of the vehicle prior to frisking the passengers. Had the pat search been conducted at the initial stage of the stop, the necessity of searching the car would still have existed. The officer could obviously not have allowed the passengers to return to an unsearched car if he believed a potentially dangerous instrument re-

mained there. Regardless of whether the officer would have frisked the individuals first or frisked them later, as was done in the instant case, the facts remain undisturbed that the actual search of the automobile was legally justified to protect the officers from harm by the suspects. Furthermore, an officer need not question an individual prior to conducting a search of the automobile. *People v. Solis* (1985), 135 Ill. App. 3d 991, 482 N.E.2d 207.

For the foregoing reasons we affirm the order of the circuit court of Will County denying the defendant's motion to suppress evidence.

Affirmed.

BARRY, P.J., and STOUDER, J., concur.