THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY CREAGH, Defendant-Appellant.

First District (6th Division)   No. 1—89—2119

Opinion filed May 17, 1991.

Ralph E. Meczyk, of Chicago (Mary Ellen Dienes, of counsel), for appellant.

John O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Walter P. Hehner, and Patrick S. Smith, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LaPORTA delivered the opinion of the court:

Defendant, Anthony Creagh, was charged by information with unlawful possession of a controlled substance. (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b).) He filed a motion to suppress the physical evidence against him alleging that it had been obtained in violation of his constitutional rights. After an evidentiary hearing, the motion was denied. At trial, the State introduced the evidence that the defendant had sought to suppress. Defendant was found guilty as charged and sentenced to a term of 30 months' intensive probation, including a minimum of 130 hours of community service and participation in a TASC program. Defendant appeals, contending that the trial court erred in denying his pretrial motion to suppress the physical evidence.

At the hearing on defendant's motion to suppress, Palos Heights police officer Michael Zaglifa testified that at approximately 1 p.m. on

January 5, 1987, he was on patrol in a marked vehicle when he observed an automobile with a loud muffler and an improper display of license plates. When Officer Zaglifa turned his lights on and initiated a routine traffic stop of this automobile, he saw defendant, who was sitting in the front passenger seat, lift his body "off the seat" as if he was "sticking something in his pants." Zaglifa did not see the defendant's hands, but only a shifting of his body and movement of his arms and shoulders. Zaglifa did not notice the odor of marijuana or any other contraband in the car.

After the driver stopped and got out of the car, Zaglifa asked the defendant to get out of the car also. Zaglifa asked defendant to stand on the curb of the street next to the car and advised him that he had seen the defendant's movements. Zaglifa testified further that defendant said he had merely moved a check onto the dashboard of the car. Zaglifa initially testified that he then conducted a pat-down search because he observed a large bulge in the right pocket of defendant's pants. The bulge was soft, rather than hard, and did not appear to be a gun. Zaglifa testified later that he conducted the pat-down search immediately after defendant got out of the car and before Zaglifa saw the bulge in defendant's pants pocket. Zaglifa then stated that he saw the bulge in defendant's pocket as soon as he started to pat him down. Pursuant to that search, Zaglifa recovered several large plastic bags containing a white powder. Zaglifa thereafter took defendant into custody.

The parties stipulated that the substance recovered from defendant was submitted to testing by a forensic scientist for the Joliet crime lab and was found to be 5.6 grams of a substance containing cocaine.

The trial court made a finding of probable cause for the search and denied defendant's motion to suppress. Defendant subsequently brought a motion to reconsider the denial of his motion. The court also denied the motion to reconsider, and the matter proceeded to a bench trial.

At trial, the parties stipulated that, if called as a witness, Officer Zaglifa would testify to the same facts presented in his testimony at the hearing on defendant's pretrial motion. The parties stipulated further that, if called as a witness, Kent Riser would testify that he was a forensic scientist for the Joliet crime lab and that after testing the substance recovered from the defendant, he found it to be 5.6 grams of a substance containing cocaine. No other evidence was presented at trial.

The trial court found defendant guilty of possession of a controlled substance and sentenced him to a term of 30 months' probation, including a minimum of 130 hours of community service and participation in a TASC program. Defendant thereafter brought a motion for a new trial, which was denied by the court.

On appeal, defendant asserts that the trial court erred in denying his pretrial motion to suppress the physical evidence against him.

The fourth amendment requires that any seizure be "reasonable," and the reasonableness of a seizure depends upon a balancing of the public's interest and the individual's right to personal security free from arbitrary interference by police officers. *People v. Smithers* (1980), 83 Ill. 2d 430, 434, 415 N.E.2d 327, 330.

■ Although the officer need not have probable cause to arrest or search in order to stop and frisk, he must have knowledge of specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion. (*Terry v. Ohio* (1968), 392 U.S. 1, 21, 20 L. Ed. 2d 889, 906, 88 S. Ct. 1868, 1880; *Smithers*, 83 Ill. 2d at 434, 415 N.E.2d at 330.) In determining whether a stop is reasonable, an objective standard is used (*Terry*, 392 U.S. at 21-22, 20 L. Ed. 2d at 906, 88 S. Ct. at 1880; *People v. Galvin* (1989), 127 Ill. 2d 153, 167, 535 N.E.2d 837, 843), namely, whether the facts available to the police officers warrant a person of reasonable caution to believe that the action taken was appropriate (*People v. Worlow* (1982), 106 Ill. App. 3d 112, 114, 435 N.E.2d 795, 797).

■ Police officers may perform pat-down searches only when they reasonably believe that the individual is armed and dangerous. (*Smithers*, 83 Ill. 2d at 434, 415 N.E.2d at 330.) The sole justification of the search is the protection of the police officer and others nearby, and such a search may not be conducted in order to gather evidence. (*Terry*, 392 U.S. at 29, 20 L. Ed. 2d at 911, 88 S. Ct. at 1884; *Galvin*, 127 Ill. 2d at 170, 535 N.E.2d at 845; *People v. Lee* (1971), 48 Ill. 2d 272, 276, 269 N.E.2d 488, 490-91.) This rule has been codified in section 108—1.01 of the Illinois Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1987, ch. 38, par. 108—1.01).

■ Although furtive movements may be considered justification for performing a warrantless search when coupled with other circumstances tending to show probable cause (*People v. Rodriguez* (1987), 154 Ill. App. 3d 401, 403, 506 N.E.2d 1064, 1066; *People v. Felton* (1974), 20 Ill. App. 3d 103, 106, 313 N.E.2d 642, 645), looks, gestures, and movements taken alone are insufficient to constitute probable

cause to search since they may be innocent (*Felton*, 20 Ill. App. 3d at 106, 313 N.E.2d at 645).

▉▉ In the instant case, Zaglifa's testimony clearly established that the bulge in defendant's right pants pocket was soft, rather than hard, and did not resemble a gun or any other weapon. Zaglifa did not testify that he was in fear of his safety, and there was absolutely no evidence that Officer Zaglifa had reason to believe that the defendant was armed and dangerous. Thus, the pat-down search of the defendant could not be justified by Zaglifa's belief that his safety or that of others was in jeopardy or that the defendant was armed.

Zaglifa testified only that he saw defendant lift his body "off the seat" as if he was "sticking something in his pants," and the evidence established that the controlled substance was recovered from defendant's right pants pocket. Even if defendant's movements may be characterized as "furtive," there was no evidence of other circumstances tending to show probable cause. (See *Felton*, 20 Ill. App. 3d at 106, 313 N.E.2d at 645.) Consequently, defendant's act of putting something in his pants pocket can clearly be viewed as innocent, and the search cannot be justified on this basis.

Moreover, even if the pat-down was proper under *Terry*, its scope was clearly limited to a search for weapons which would place the life of the officer or of others in danger. A *Terry* stop and frisk may not be used as a general search for evidence of criminal activity. Once Zaglifa determined that the bulge in defendant's pocket was soft and that defendant was not carrying a weapon, his seizure of the contents of defendant's pocket was beyond the limited scope of the search and was an unlawful intrusion. *Terry*, 392 U.S. at 29, 20 L. Ed. 2d at 911, 88 S. Ct. at 1884; *Galvin*, 127 Ill. 2d at 170, 535 N.E.2d at 845; *Lee*, 48 Ill. 2d at 276, 269 N.E.2d at 490-91.

We also note that during the course of his testimony, Zaglifa offered three different and inconsistent accounts of when he first observed the bulge in defendant's pocket, making this critical evidence entirely unreliable.

We hold that the trial court erred in denying the defendant's motion to suppress the physical evidence against him. Consequently, we reverse the judgment of conviction.

Reversed.

RAKOWSKI, P.J., and McNAMARA, J., concur.