# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Trisby, 2013 IL App (1st) 112552**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DARRYL TRISBY, Defendant-Appellant. |
| District & No. | First District, Third Division<br>Docket No. 1-11-2552 |
| Filed | April 24, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction for unlawful possession of a controlled substance, the appellate court rejected the State's contention that defendant forfeited his claim that his motion to suppress was improperly denied, since the parties' agreement to a stipulated bench trial preserved the ruling on that motion for review, and in defendant's case, the arresting officer's observation of a single hand-to-hand transaction in a "high narcotics area" followed by defendant's furtive movements was insufficient to establish probable cause to search defendant's pocket after the vehicle he was riding in was stopped for failing to signal a turn; therefore, his conviction and sentence were reversed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-3783; the Hon. Maura Slattery-Boyle, Judge, presiding. |
| Judgment | Reversed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Shawn O'Toole, all of State
Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and
Miles J. Keleher, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE STERBA delivered the judgment of the court, with opinion.
Justices Hyman and Pierce concurred in the judgment and opinion.

**OPINION**

¶ 1    Following a stipulated bench trial, defendant Darryl Trisby was convicted of possession of a controlled substance and sentenced to three years and six months in prison, followed by a one-year period of mandatory supervised release. On appeal, defendant contends that the circuit court erred in denying his motion to quash his arrest and suppress evidence where the police lacked probable cause to search him. For the reasons that follow, we reverse the judgment of the circuit court of Cook County.

¶ 2                                    BACKGROUND

¶ 3    Defendant Darryl Trisby was charged with possession of 1 to 15 grams of heroin with intent to deliver within 1,000 feet of a school. Defendant filed a motion to quash his arrest and suppress evidence.

¶ 4    At the hearing on the motion, Officer Tucker testified that on February 7, 2011, at 9 p.m. he and a partner were in their squad car heading south on Halsted in Chicago. While stopped at a red light at 59th Street and Halsted, Officer Tucker saw a woman approach a parked car 30 to 40 feet to his left. Officer Tucker testified that there was adequate artificial lighting in the area. As Officer Tucker watched, the woman handed some currency to an individual seated in the rear seat on the passenger side of the vehicle. The individual in the rear seat accepted the money and tendered a small unknown object to the woman. Officer Tucker believed he had witnessed a narcotics transaction and testified that they were in a high narcotics area.

¶ 5    After the transaction, the car headed west on 59th Street and Officer Tucker and his partner followed it for several blocks, then pulled the car over for failure to use a turn signal. Officer Tucker approached the vehicle and observed defendant in the rear passenger seat. He saw defendant quickly pull his right hand away from his right front pants pocket. Defendant was holding a $10 bill in his left hand. Officer Tucker instructed defendant to place his hands on the headrest in front of him and, as the officer spoke with the driver, defendant made two or three more attempts to move his hand toward his right front pants pocket. Officer Tucker

-2-

walked around the back of the car, making sure that defendant's hands were still on the headrest. He then opened defendant's door and told him to get out of the car and put his hands on the roof of the vehicle. Defendant complied but made another attempt to reach in his right front pants pocket.

¶ 6  Officer Tucker grabbed defendant's arm, reached into defendant's right front pants pocket, and discovered a rubber-banded bundle, containing nine clear plastic bags of suspected heroin. Officer Tucker also recovered a $10 bill from defendant's left hand. He testified that in his eight years as a Chicago police officer, he had made hundreds of narcotics arrests involving hand-to-hand transactions. The trial court denied defendant's motion to suppress.

¶ 7  Defendant's bench trial proceeded by stipulation. The parties stipulated to Officer Tucker's suppression-hearing testimony. They also stipulated to the chain of custody of the nine plastic bags containing suspected heroin and further stipulated that an Illinois State Police forensic chemist, Penny Evans, would testify that she tested the material in those bags and found them to contain 1.3 grams of heroin. Although defendant was charged with possession of a controlled substance with intent to deliver, the trial court found him guilty of the lesser-included offense of possession of a controlled substance. Defendant was sentenced to 3½ years in prison with a 1-year period of mandatory supervised release. Defendant timely filed this appeal.

¶ 8                ANALYSIS

¶ 9  The sole issue on appeal is the legality of Officer Tucker's search of defendant's pocket. The State contends that defendant has forfeited consideration of this claim because he failed to raise the suppression issue in his posttrial motion. This contention has no merit because the parties' agreement to a stipulated bench trial preserved review of the trial court's ruling on the motion to suppress. *People v. Nitz*, 371 Ill. App. 3d 747, 750 (2007); *People v. Cordero*, 358 Ill. App. 3d 121, 124 (2005); see also *People v. Horton*, 143 Ill. 2d 11, 22 (1991) (noting that stipulated bench trial avoided the waiver rule while preserving the defendant's suppression issue).

¶ 10  We review *de novo* the ultimate question of defendant's legal challenge to the denial of his motion to quash arrest and suppress evidence. *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001).

¶ 11  The fourth amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV; accord Ill. Const. 1970, art. I, § 6; see *Fink v. Ryan*, 174 Ill. 2d 302, 314 (1996) ("This court has construed the search and seizure language found in section 6 in a manner that is consistent with the Supreme Court's fourth amendment jurisprudence."). Reasonableness in this context generally requires a warrant supported by probable cause. *Katz v. United States*, 389 U.S. 347, 357 (1967).

¶ 12  The United States Supreme Court provided an exception to the warrant and probable cause requirement in *Terry v. Ohio*, 392 U.S. 1 (1968). The *Terry* Court held it is reasonable in some situations for law enforcement officers to temporarily detain and question

individuals even though probable cause for an arrest is lacking. *Id*. at 27. *Terry* authorizes a police officer to effect a limited investigatory stop where there exists a reasonable suspicion, based upon specific and articulable facts, that the person detained has committed or is about to commit a crime. *People v. Payne*, 393 Ill. App. 3d 175, 180 (2009). *Terry* also allows an officer to conduct a limited pat-down search of a suspect's outer clothing when the officer has a reasonable fear for his safety or the safety of others. *Terry*, 392 U.S. at 30. However, the *Terry* exception does not permit a general exploratory search. *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993); see also *People v. Creagh*, 214 Ill. App. 3d 744, 747 (1991) (noting that a *Terry* search may not be used to gather evidence).

¶ 13    In the case *sub judice,* Officer Tucker did not conduct a pat-down search for weapons prior to reaching into defendant's pocket or indicate that he feared for his safety or the safety of others. Therefore, as the State concedes, Officer Tucker's act of reaching into defendant's pocket was not pursuant to an investigatory *Terry* stop. Moreover, the continued exploration of an individual's pocket after the officer concludes that it does not contain a weapon exceeds the scope of a *Terry* pat-down. *Creagh*, 214 Ill. App. 3d at 748.

¶ 14    Once a defendant has established that he was the subject of a warrantless search, the State has the burden of proving that the search was based on probable cause. *People v. Lawson*, 298 Ill. App. 3d 997, 1001 (1998). To establish probable cause, the State must show that a reasonably prudent person in possession of the facts known to the officer would believe that the suspect has committed or is committing a crime. *People v. Wear*, 229 Ill. 2d 545, 563 (2008); *People v. Tisler*, 103 Ill. 2d 226, 236-37 (1984). The existence of probable cause depends upon the totality of the circumstances at the time of arrest. *Wear*, 229 Ill. 2d at 564. "[W]hether probable cause exists is governed by commonsense considerations, and the calculation concerns the probability of criminal activity, rather than proof beyond a reasonable doubt." *People v. Hopkins*, 235 Ill. 2d 453, 472 (2009).

¶ 15    A single transaction of unidentified objects does not support probable cause to believe that a drug transaction has occurred. See *People v. Oliver*, 368 Ill. App. 3d 690, 697-98 (2006) (noting that the observation of an exchange of unidentified objects with two individuals did not support more than a hunch that the defendant was selling drugs); *People v. Holliday*, 318 Ill. App. 3d 106, 111 (2001) (finding no probable cause where an officer observed a single exchange of unknown items between the defendant and another person in an alley); *People v. Moore*, 286 Ill. App. 3d 649, 653 (1997) (recognizing that a transaction is not illegal in and of itself, and is just as likely to be an innocent payment of a debt or the purchase of something legal).

¶ 16    Similarly, furtive movements alone are insufficient to constitute probable cause because they may be innocent. *Creagh*, 214 Ill. App. 3d at 748; *People v. Felton*, 20 Ill. App. 3d 103, 106 (1974). "[S]uch equivocal conduct cannot, if the probable cause requirement of the fourth amendment is to have meaning, justify a warrantless arrest." *People v. Rainey*, 302 Ill. App. 3d 1011, 1015 (1999). Only when the furtive gestures are coupled with other circumstances tending to show probable cause (such as open contraband or suspicious objects in plain view, or prior reliable information) will the suspicious movement be included in the basis for finding probable cause for a search. *Felton*, 20 Ill. App. 3d at 106.

¶ 17    The State contends that the observation of a single hand-to-hand transaction in a "high narcotics area" coupled with defendant's furtive movements was sufficient for probable cause. See *People v. Bujdud*, 177 Ill. App. 3d 396, 403 (1988) (finding that investigatory stop "matured to probable cause"). We disagree. Officer Tucker saw defendant take money from a woman and then give her a small, unidentified object, in what he testified was a "high narcotics area." When the car in which defendant was riding was stopped for a traffic violation, Officer Tucker saw defendant pull his right hand quickly away from his right front pants pocket. Defendant subsequently moved his hand toward his pants pocket a few more times. We hold that probable cause is not established by a single hand-to-hand transaction involving an unidentified object together with a few furtive hand movements toward a pants pocket.

¶ 18    This court granted the State's motion to cite *People v. Grant*, 2013 IL 112734, as additional authority. The State's reliance on *Grant* is misplaced. In *Grant*, the defendant was charged with violating a municipal ordinance that prohibited the solicitation of unlawful business. *Id*. ¶ 3. A police officer testified that the defendant shouted "dro, dro" to a passing car, a slang term for hydroponic marijuana. *Id*. ¶ 13. The court held that the officer had probable cause to arrest the defendant. *Id*. ¶ 15. The defendant in *Grant* argued that a single iteration, without repetition, was insufficient to support probable cause. *Id*. ¶ 17. The court disagreed, noting that "repetition is unnecessary where the police possess more specific information that a crime is being committed." *Id*. The court explained that a single iteration was sufficient where the police actually observed the defendant committing the offense of solicitation. *Id*. The *Grant* case clearly does not stand for the proposition that the observation of a single transaction involving an unidentified object is sufficient to support probable cause.

¶ 19    For the reasons stated herein, the trial court erred in denying the motion to suppress. Because the State cannot prevail on remand without the suppressed evidence, we reverse defendant's conviction and vacate his sentence. See *People v. Smith*, 331 Ill. App. 3d 1049, 1056 (2002).

¶ 20    Reversed.