2021 IL App (1st) 200053

No. 1-20-0053

Opinion filed December 6, 2021

First Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 CR 13905 |
| | ) | |
| DASHON FREEMAN, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WALKER delivered the judgment of the court, with opinion.
Presiding Justice Hyman and Justice Coghlan concurred in the judgment and opinion.

**OPINION**

¶ 1     The trial court held a bench trial and found Dashon Freeman guilty of possessing cocaine. Freeman argues on appeal that the court should have granted his motion to suppress evidence police seized from Freeman without a warrant. We find that the police officer's observations gave police grounds for a *Terry* stop (see *Terry v. Ohio*, 392 U.S. 1 (1968)) but not grounds for a warrantless search. We reverse the decision denying Freeman's motion to suppress evidence. Because the State cannot prove the charges against Freeman without the improperly seized evidence, we reverse the conviction.

¶ 2                                    I. BACKGROUND

¶ 3    As Officer Fernandez Delgado of the Chicago Police Department drove on Justine Street on September 3, 2019, he saw a man holding cash standing near Freeman. Freeman reached into his waistband and pulled out a plastic bag. Once they saw the police, Freeman put the plastic bag back into his waistband, and the other man ran off. Delgado handcuffed Freeman and grabbed the bag from Freeman's waistband. Prosecutors charged Freeman with possession of cocaine.

¶ 4    At a preliminary hearing on the charge, Delgado testified that he arrested Freeman and then found the bag in a custodial search. At the hearing on Freeman's motion to suppress and at the bench trial, Delgado testified that he handcuffed Freeman for protection and to prevent Freeman from escaping. He testified that he arrested Freeman after finding the cocaine. Delgado testified that he searched Freeman because he believed he saw an attempted illegal narcotics transaction in an area with a high crime rate. The parties stipulated that the bag taken from Freeman contained more than five grams of cocaine.

¶ 5    The trial court denied the motion to suppress and found Freeman guilty of possessing narcotics. The court sentenced Freeman to two years of probation and payment of fines, fees, and costs totaling $2305. Freeman now appeals.

¶ 6                                    II. ANALYSIS

¶ 7    Freeman argues that the trial court should have suppressed the evidence Delgado obtained by reaching into Freeman's waistband. We will not disturb the trial court's findings of fact unless they are against the manifest weight of the evidence. *People v. Sorenson*, 196 Ill. 2d 425, 431 (2001). We review *de novo* the ultimate question of the defendant's legal challenge to the denial of his motion to suppress. *Id.*

¶ 8 Delgado saw one man with cash in his hand, and he saw Freeman take a small plastic bag from his waistband. Delgado could not see the contents of the plastic bag. When Freeman and the other man saw Delgado, Freeman put the plastic bag back in his waistband, and the other man ran off. We must determine whether Delgado's observations gave him sufficient grounds for reaching into Freeman's waistband to take the plastic bag.

¶ 9 We find the case similar to *People v. Trisby*, 2013 IL App (1st) 112552. In *Trisby*, an officer saw Trisby, sitting in his car, give a small object to a woman in exchange for cash. Trisby drove off, and the officer followed him for several blocks before ordering him to pull over. The officer saw Trisby pull his hand out of his pocket. As the officer ordered Trisby out of the car, Trisby again reached toward his pocket. The officer took small plastic bags from Trisby's pocket. The bags contained heroin. *Id.* ¶¶4-6.

¶ 10 The appellate court noted that the State had the burden of proving that the officer had probable cause for the warrantless search. *Id.* ¶ 14. The court held:

"A single transaction of unidentified objects does not support probable cause to believe that a drug transaction has occurred. [Citations.]

Similarly, furtive movements alone are insufficient to constitute probable cause because they may be innocent. [Citations.] '[S]uch equivocal conduct cannot, if the probable cause requirement of the fourth amendment is to have meaning, justify a warrantless arrest.' *People v. Rainey*, 302 Ill. App. 3d 1011, 1015 (1999). Only when the furtive gestures are coupled with other circumstances tending to show probable cause (such as open contraband or suspicious objects in plain view,

or prior reliable information) will the suspicious movement be included in the basis for finding probable cause for a search. [Citation.]

*** [P]robable cause is not established by a single hand-to-hand transaction involving an unidentified object together with a few furtive hand movements toward a pants pocket." *Trisby*, 2013 IL App (1st) 112552, ¶¶ 15-17.

¶ 11    The prosecution argues that *People v. Davis*, 2019 IL App (1st) 160408, should control our decision here. The appellate court found that the officers in that case had probable cause to seize a package from the car in which Davis rode. The *Davis* court emphasized several distinctions between that case and *Trisby*. Police saw Urbina, the target of a long-running investigation, engage in five other suspected narcotics transactions before they saw Davis's single transaction with Urbina. Davis and Urbina moved their cars in a manner that "appeared designed to intentionally conceal" their transaction. *Id.* ¶ 45.

¶ 12    Here, as in *Trisby*, Freeman and the other man made no special attempt to conceal their transaction before police arrived. Police had not targeted either Freeman or the other man for investigation, and police had not seen either man engage in other suspected narcotics transactions. We find this case more like *Trisby* than *Davis*. Here, police saw a single attempted transfer of a small unidentified object in a high crime area, where police scared one man off, and the other man appeared to hide something. While the observations gave police grounds for a *Terry* stop, they did not have probable cause to search for narcotics. *Trisby*, 2013 IL App (1st) 112552, ¶ 13. Delgado exceeded the scope of the *Terry* stop when he reached into Freeman's waistband. See *People v. Holliday*, 318 Ill. App. 3d 106, 111 (2001). We reverse the decision denying the motion to

suppress. Because the State cannot prevail on remand without the suppressed evidence, we reverse defendant's conviction and vacate his sentence. See *Trisby*, 2013 IL App (1st) 112552, ¶ 19.

¶ 13                                   III. CONCLUSION

¶ 14    Because police lacked probable cause to search Freeman, the trial court should have granted the motion to suppress the evidence police seized from Freeman. Without that evidence, the prosecution lacks evidence needed to convict. Accordingly, we reverse the conviction of Freeman for possession of cocaine.

¶ 15    Reversed.

**No. 1-20-0053**

| | |
|---|---|
| **Cite as:** | *People v. Freeman*, 2021 IL App (1st) 200053 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 19-CR-13905; the Hon. James B. Linn, Judge, presiding. |
| **Attorneys for Appellant:** | DePaul University Legal Clinic, of Chicago (Maria A. Harrigan, of counsel, and Granger Gridley, law student), for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (John E. Nowak, Brian A. Levitsky, and Margaret M. Smith, Assistant State's Attorneys, of counsel), for the People. |